SCHEUER et al. v. UNITED STATES.
No. M—110.

Court of Claims.
Nov. 1, 1937.

Francis R. Lash, of Washington, D. C. (Francis C. Stetson, of Washington, D. C., on the brief), for plaintiffs.

John W. Hussey, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief) for the United States.

Argued before BOOTH, Chief Justice, and GREEN, LITTLETON, WHALEY and WILLIAMS, Judges.

WILLIAMS, Judge.

Plaintiffs, Moses Scheuer and Nathan Scheuer, surviving partners of Scheuer Brothers & Co., a partnership now dissolved, and Augustus J. Harris, Jr., administrator of the estate of Augustus J. Harris, deceased, also a member of the partnership, bring suit to recover the sum of $6,470.77, plus interest, an alleged overpayment of excess profits taxes assessed by the Commissioner of Internal Revenue against Scheuer, Wise & Co., a predecessor partnership, for the year 1917.

The basis of the claim is that the Commissioner of Internal Revenue in his final computation of the partnership's net income subject to the excess profits tax allowed inadequate deductions from income for salaries of the individual partners for the year.

The partnership in its excess profits tax return for the year 1917 took as a deduction the sum of $25,333.32, or $6,333.33 for each partner, as partners' salaries. This was the amount actually paid to the partners for their services to the partnership, and was the amount actually fixed by them in prior agreements as to the compensation they were to receive for such services.

Subsequently, after additional taxes had been assessed for the year, the partnership in a claim for refund contended among other things that the Commissioner had allowed inadequate salary deductions as a result of which an overpayment of taxes had been made. The refund claim, in so far as this item is concerned, was disallowed by the Commissioner. The sole issue involved in suit is whether greater deductions for salaries to partners for the year 1917 should now be made.

The excess profits tax was imposed on partnerships by section 201, title 2, of the Revenue Act of March 3, 1917 (39 Stat. 1000).

Section 205 of the act (39 Stat. 1001) provided: "In computing net income of a partnership for the purposes of this title there shall be allowed like deductions as are allowed to individuals in sections five (a) and six (a) of such Act of September eighth, nineteen hundred and sixteen."

Section 5(a) of the Revenue Act of 1916 (39 Stat. 759) provided that in computing net income in the case of a citizen and resident of the United States for the purposes of the tax there shall be allowed as deductions: "First. The necessary expenses actually paid in carrying on any

business or trade, not including personal, living, or family expenses."

Article 32 of Regulations 41 promulgated by the Commissioner, with the approval of the Secretary of the Treasury, on October 3, 1917, for the administration of the excess profits provisions of the Revenue Act of 1917 provided:

*"Deductions allowed for salaries paid to partners.*—In computing net income for purposes of the excess profits tax a partnership will be allowed to deduct as an expense reasonable salaries or compensation paid to individual partners for personal services actually rendered during the taxable year, if the payments are made in accordance with prior agreements and are properly recorded on the books of the partnership. In no case shall the salaries or compensation so deducted be in excess of the salaries or compensation customarily paid for similar services under like responsibilities by corporations engaged in like or similar trades or businesses.

"With respect to any period prior to March 1, 1918, regardless of whether a previous agreement has been made as to salaries or compensation, a similar deduction will be allowed for services actually rendered."

■ The two paragraphs of article 32 quoted deal with distinct and separate situations and are in no way contradictory. Those partnerships where prior agreements had been made in respect to salaries or compensation to be paid individual partners for personal services rendered by them are entitled to deductions for the amount of the compensation so agreed upon and paid, the deductions in no case to be in excess of the salaries or compensation customarily paid for similar services by corporations engaged in like or similar businesses. It is immaterial under this paragraph whether the amount of the salaries agreed upon represents the maximum amount that would have been deductible had larger salaries been agreed upon and paid. The individual partners are certainly competent to agree among themselves as to the compensation they are to receive for their personal services, and the compensation agreed upon by them when not excessive definitely fixes the amount of the allowable deduction to the partnership. Paragraph 2 of the article deals with partnerships where no previous agreement had been made with respect to salaries or compensation for the individual partners, and provides that as to them, for any period prior to March 1, 1918, a similar deduction will be allowed for services actually rendered regardless of whether a previous agreement had been made as to salaries or compensation. This paragraph of the article in no way modifies or changes the provisions of paragraph 1 and was not intended to do so. Its sole purpose was to permit partnerships where no previous agreements were in existence during the taxable year 1917 as to the compensation to be paid individual partners for their personal services, and, the tax being new, no doubt many partnerships were in this class, to deduct a reasonable amount as salaries for members. Paragraph 1 of the article permits a deduction of the amount of salaries agreed upon and paid, while paragraph 2 permits a deduction of a reasonable amount for partners' salaries, such as might reasonably have been agreed upon at the beginning of the taxable year.

■ From the organization of the partnership in 1910 down to the year 1917, as well as thereafter, the salaries of the individual partners for personal services to the partnership were fixed by agreements duly entered into between them. Salaries were annually paid in accordance with these agreements. For the year 1917, here involved, the salaries of the individual partners were fixed by prior agreement to be $6,333.33 each, or at a total of $25,333.32. The salaries thus fixed were duly paid, and in its excess profits tax return for the year the partnership claimed a deduction in the amount so fixed and paid. The Commissioner allowed in full the deductions claimed. This was in exact accordance with the provisions of article 32 of Regulations 41, which, we think, correctly interprets the statutes under which the tax was imposed. Consequently, the action of the Commissioner in disallowing plaintiffs' claim for refund was correct and must be sustained.

Appeal of Gottlieb Bros., 1 B.T.A. 684, upon which plaintiffs rely, is clearly distinguished from this case on the facts in that no agreement as to partners' salaries or compensation was in existence during the taxable year, as in the case here.

Plaintiffs are not entitled to recover; therefore the petition is dismissed. It is so ordered.

LITTLETON, Judge, dissents.